UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COMEAUX | CIVIL ACTION NO. 03-0502 |
| VERSUS | U.S. DISTRICT JUDGE DOHERTY |
| METROPOLITAN LIFE, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

This Employee Retirement Income Security Act ("ERISA") case, 29 U.S.C. 1001 et seq., is referred to me by the district judge for Report and Recommendation. Before the court is a motion to dismiss under FRCP 12(b)(6) filed by defendants, Fidelity Investments Institutional Services, Inc. (Fidelity) and Shell Oil Company (Shell), **doc. #103**.

Suit was filed in state court by Tracy Moore Comeaux (Comeaux) seeking benefits and damages under a policy of accidental death benefits issued to her now deceased husband by his employer, Shell. The case was timely removed to this court on the basis of federal question jurisdiction in that the claims set forth are preempted by the provisions of ERISA. Defendants Metropolitan Life Ins. Co., Continental Casualty Co. and Benefits Consultants, Inc. (aka Progeny Marketing Innovations, Inc.) were subsequently dismissed as defendants and plaintiff settled her claims with defendant Prudential Insurance Company of America (Prudential), the insurer of the plan, and dismissed it from the suit as well. Defendant Fidelity is the third party administrator of the plan.

Plaintiff was granted leave to amend her complaint against Fidelity and Shell and the defendants were invited to file a motion to dismiss the claims in order to clarify what viable claims remain in the suit. Briefs have been filed by the parties and the motion is ready for decision.

Plaintiff's claims

Plaintiff sues not only for benefits under the accidental death policy (plan) but also sues for damages from her husband's employer, Shell, and from the third party administrator, Fidelity. Specifically, plaintiff claims that Shell and Fidelity improperly denied her claim for benefits by, among other things telling her that she was not entitled to benefits unless she produced a death certificate stating that her husband's death was accidental. Plaintiff also claims that she requested copies of the relevant documents in her claim file from Fidelity whose representative refused to send them to her. She claims that Fidelity and Shell's actions were an "intentional, willful and wrongful denial of benefits."

Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove

no set of facts in support of her claim which would entitle her to relief. <u>Strother v. Southern California Permanente Medical Group</u>. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. <u>City of Toledo v. Beazer Materials and Services, Inc</u>., 833 F.Supp. 646 (N.D. Ohio 1993). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. <u>Drewett v. Aetna Cas. & Sur. Co</u>., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* <u>Decker v. Massey-Ferguson, Ltd</u>., 681 F.2d 111 (2nd Cir. 1982); <u>Elliott v. State Farm Mut. Auto Ins. Co</u>., 786 F.Supp. 487 (E.D.Pa. 1992).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief. <u>Hirras v. National R.R. Passenger Corp</u>., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); <u>Doe</u>, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 114 S.Ct. 798, 803, 127

L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

Regardless who is made a defendant, plaintiff is only entitled to benefits under the plan one time. Here, Prudential, the plan's insurer, denied benefits asserting that the death was not accidental as defined by the plan, but was instead the result of intoxication and thus no benefits were due. Nevertheless, a settlement was made on behalf of the plan by Prudential, the plan's insurer, to plaintiff. The plan is the only proper party defendant to a claim for benefits under the plan. 29 USC §1132(d)(2); Todd v. AIG Life Ins. Co., 47 F.3d 1448 (5th Cir. 1995). Even if, as plaintiff alleges, the employer and/or the third party administrator denied benefits, plaintiff is only entitled to recover any <u>benefits</u> owed from the plan, not from Fidelity or from Shell.

However, plaintiff seeks more than benefits and claims that the actions of Shell and Fidelity were arbitrary, capricious, malicious and intentional, were deceptive trade practices, constituted fraudulent and intentional misrepresentation and interfered with plaintiff's "rights protected by statute" and therefore that "penalties are appropriate". However, any state law claims including ones for fraud, misrepresentation, deceptive practices or improper handling of the claim are entirely preempted by the provisions of ERISA (see Hansen v. The Continental Ins. Co.,

4

940 F.2d 971, 979 (5th Cir. 1991)) which does not provide for payment of penalties or compensatory damages to plaintiff. Medina v. Anthem Life Ins. Co., 983 F.2d 29 (5th Cir. 1993).

Plaintiff also argues that Shell and Fidelity did not follow their own administrative procedures and breached fiduciary duties owed to her. However, any fiduciary duty to follow administrative rules or otherwise is owed to the plan, not to a beneficiary such as plaintiff. 29 USC §1109(a).

Finally, plaintiff asserts that the Fidelity representative refused her requests for information. Under 29 USC §1132(c), the administrator (but not the employer) can be held liable, in the court's discretion, for a penalty of up to $100 per day for failing to provide information requested by a beneficiary and required to be provided by the administrator. Although plaintiff has neither alleged nor shown prejudice, she has nevertheless stated a bare bones claim against Fidelity for penalties for the claimed failure to provide the requested information.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that all of plaintiff's claims against Shell be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that all of plaintiff's claims against Fidelity, except plaintiff's claim for penalties for failure to provide information under §1109(a) be DISMISSED WITH

PREJUDICE.

IT IS SUGGESTED that the case be referred to the undersigned in order to determine what discovery or other trial preparation may be necessary so that a trial date may be scheduled.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 20th day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE